

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable C. J. Wilde
County Auditor
Nueces County
Corpus Christi, Texas

Dear Sir:

Opinion No. 0-6189
Re: Whether the cost for
constructing the sewer
line in question can be
paid out of the proceeds
of bonds voted to defray
the expense of establish-
ing, erecting and equipping
the city-county hospital
under the facts stated.

Your letter of August 28, 1944, requesting the opinion
of this department on the question stated therein, is, in part,
as follows:

"On November 8, 1941, Nueces County, together
with the City of Corpus Christi, voted bonds in the
amount of $500,000.00 each to defray the expense of
establishing, erecting, and equipping a hospital for
the care and treatment of the sick, infirm and in-
jured inhabitants of Nueces County. An agreement was
made by and between the Baptist Foundation of Dallas,
Texas, and the City of Corpus Christi and Nueces Coun-
ty for the purchase of approximately 33.4 acres of
land upon which the City-County Hospital was to be
constructed. The consideration mentioned in the agree-
ment was the paving of the certain streets which ex-
tended from the hospital through the vendors property
and also to paving a boulevard in front of said hospi-
tal and further to pave a street known as Morgan Street
which was the southern boundry line of the vendors
property. After the hospital was constructed it was
seen that unless this property was properly drained
that there would always, after a rain, be a considera-
ble amount of water left standing in and about the

hospital proper to say nothing of the balance
of the hospital grounds upon which there is
not as yet any construction. Therefore, in
order to drain this excess water from the hos-
pital grounds, it was necessary to construct
a sewer line draining the entire property.

"Would Nueces County be within its legal
rights to pay the cost of constructing said
sewer in view of the wording of the bond which
mentions that the bonds were issued for the
purpose of "partially defraying the expense of
establishing, erecting, and equipping a hospital"?
You will notice that we have under-scored the word
establishing as we believe that this would give us
the right to pay from the bond funds the amount
that was necessary to construct said sewer line.

"The expenditures for construction of the
boulevards and streets in and about the hospital,
we do not feel are expendable for the receipt of
the bond issue in view of the fact that our agree-
ment with the Baptist Foundation was to the effect
that both the city and county would pave these
certain boulevards and streets as a consideration
for the grant of the land upon which to construct
the hospital proper."

According to the order of the Commissioners' Court,
bearing date the 8th day of December, 1941, the bonds were
issued "for the purpose of partially defraying the expense
of establishing, erecting and equipping a hospital for the
care and treatment of sick, infirm and injured inhabitants of
such county, the cost thereof to be divided between Nueces
County, Texas, and the City of Corpus Christi, Texas, in ac-
cordance with the agreement between the Commissioners' Court
of such County and the City Council of such City."

Hon. C. J. Wilde, page 3

The agreement between the Commissioners' Court
of Nueces County and the City Council of Corpus Christi is
not before us. Therefore, we cannot say whether the agree-
ment between the Commissioners' Court and the City Council
would affect the proposed action of the County to pay for
erecting the sewer line heretofore mentioned.

For the purposes of this opinion, we assume there
is nothing in the contract between the Commissioners' Court
and the City Council that would affect the County in carry-
ing out the proposed purpose.

Generally speaking, where the order of the Commis-
sioners' Court for an election upon a bond issue specifies
the particular purpose to which the proceeds shall be applied,
the order is, in effect, a contract with the voters; and the
funds may not be applied to another and different purpose.
(Moore vs. Coffman, 200 S. W. 374; Black vs. Strength, 246 S.
W. 79; Aransas County vs. Coleman-Fulton Pasture Company, 191
S. W. 556).

As above stated, the bonds were issued for the
purpose of partially defraying the expense of establishing,
erecting and equipping a hospital for the care and treatment
of the sick, infirm and injured inhabitants of Nueces County.
We believe that construction of the sewer line in question and
the expenditure of funds derived from the sale of said bonds
for such purpose would be proper. Stated another way, it is
our opinion that the expenditure of said funds would be for the
purpose for which they were raised and it could not be said that
they were applied to another and different purpose.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:rt

APPROVED SEP 13, 1944

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN